Ricky McDonald was indicted for rape in the second degree in violation of § 13A-6-62, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and he was sentenced to 20 years' imprisonment.
The appellant does not challenge the sufficiency of the evidence and, thus, the facts of this case will be briefly stated.
The victim testified that on the evening of January 7, 1986, she was walking down Railroad Avenue in Dothan, Alabama, when she was approached by this appellant. The appellant offered her ten dollars ($10.00) "to give him [her] body." (R. 8). When the victim said no, the appellant grabbed her and took her to a shed. Inside the shed, the appellant took off the victim's clothes and pulled a switchblade. He then had intercourse with the victim, whose birth date is August 1, 1973. The next day the victim told her teacher about the rape and her teacher alerted the Dothan police.
 I
On direct examination, the victim was asked why she didn't tell her mother about the rape on the night on which it occurred. The pertinent part of the record is quoted below:
 "Q. Can you tell us why you didn't tell your mother?
"A. I was afraid, because —
"Q. Just calm down. It is not — just calm down.
"A. (Witness crying.)
"Q. Okay.
 "A. My mother was going through so many problems at the time — " (R. 10-11)
Then, on cross-examination of the victim, the following occurred:
 "Q. You said you wouldn't tell your mother because she is having a lot of problems. What kind of problems was your mother having?
"A. That is none of your business.
"MR. MAXWELL: I object, too.
 "THE COURT: Yes. I sustain the objection and let's keep order in the Court Room, please. This is a very serious matter. Go ahead.
"MR. MOTLEY: Thank you, Your Honor.
 "THE WITNESS: What kind of problems my mama was having?
 "MR. MAXWELL: You don't have to answer that." (R. 38-39)
The appellant contends on appeal that the trial judge denied him his right of cross-examination by sustaining the State's objection to the question defense counsel asked of the victim.
 "The right of a defendant to confront and cross-examine witnesses is guaranteed by Article 1 § 6, Constitution of Ala. 1901, by § 12-21-137, Code of Ala. 1975, and by the Sixth Amendment to the United States Constitution. Any limitation *Page 870 
on that fundamental constitutional right will be closely scrutinized by the appellate courts. Ball v. State, Ala. Cr. App., 337 So.2d 31 (1976), cert. quashed, Ala., 337 So.2d 39. However, it has repeatedly been held that the latitude and extent of cross-examination is a matter within the sound discretion of the trial court and is reviewable on appeal only for prejudicial abuse. Turner v. State, 289 Ala. 97, 265 So.2d 883 (1972), and cases cited therein. On appeal the party claiming an abuse of such discretion bears the burden of persuasion. Connell v. State, 294 Ala. 477, 318 So.2d 710
(1974)."
Hembree v. City of Birmingham, 381 So.2d 664, 666
(Ala.Crim.App. 1980).
 "The range and extent of cross-examination of a witness is a matter within the sound discretion of the trial court, and if the trial court determines that a question, or course of questions, is not of a material issue in the case, this Court should not reverse the determination of the trial court, unless the record reveals a clear abuse of discretion by the trial court by unduly restricting appellant's right of cross-examination of the witness."
Weaver v. State, 407 So.2d 568, 570 (Ala.Crim.App. 1981).
It is clear to this court that the questioning of the victim, concerning her reasons for not telling her mother initially about the rape, was a very material issue to this case. However, defense counsel was allowed to ask the victim her reason for not telling her mother. The victim replied that her mother was having problems at the time. We fail to see how the appellant was prejudiced by not being allowed to probe into the victim's mother's problems. Her problems are completely irrelevant and immaterial to the issues in this case. We, therefore, find no abuse of the trial judge's discretion here.
 II
The following excerpt from the record is the transcript of the testimony of one of the State's witnesses.
"BY MR. MAXWELL:
"Q. State your name, please, sir.
"A. Robert McCollough.
 "Q. Do you know the Defendant in this case, Ricky McDonald?
"A. Yes, sir.
 "Q. Robert, have you, through the course of your business, been able to determine or have you determined Mr. Ricky McDonald's age?
 "A. Well, I have got a file on him that, it is pretty old, that I did a Youthful Offender —
"MR. MOTLEY: Your Honor, I object.
 "THE COURT: Yes. I sustain the objection as to what — the question was: Do you know, do you have a record as to his age.
 "MR. MOTLEY: Your Honor, also at this time, I ask for a mistrial unless the Jury is instructed to disregard anything that —
 "THE COURT: All right. Ladies and Gentlemen, you are ordered to disregard that answer to the question when you go to make up your verdict in this case. That is not admissible evidence and should not be considered by you in arriving at your verdict.
"BY MR. MAXWELL:
"Q. Just whether or not you know his age, Robert.
"A. February 1, 1957.
"Q. That is his date of birth?
"A. Yes, sir.
"MR. MAXWELL: That is all." (R. 51-52)
The appellant contends that McCullough's statement that he "did a Youthful Offender" on the appellant was an improper reference to his prior convictions.
 "Error in the admission of evidence of the commission of other offenses by the accused is cured where the trial court sustains the objection, excludes the objectionable testimony and instructs the jury not to consider it. Dockery v. State, 269 Ala. 564, 114 So.2d 394
(1959) (in homicide prosecution, evidence that defendant stole witness's automobile in fleeing scene); Franklin v. State, *Page 871 357 So.2d 364 (Ala.Cr.App.), cert. denied Ex parte Franklin, 357 So.2d 368 (1978) (in burglary prosecution, evidence that defendant was a 'known' burglar was eradicable)."
Barbee v. State, 395 So.2d 1128, 1134 (Ala.Crim.App. 1981).
 "[A]n indirect reference to the defendant's involvement in other crimes is not incurably harmful to the accused, and any possible prejudice may be eradicated by the trial judge's prompt curative instruction to the jury."
Brooks v. State, 462 So.2d 758, 760 (Ala.Crim.App. 1984), cert. denied, 462 So.2d 758 (Ala. 1985).
Here the trial judge immediately sustained defense counsel's objection to McCullough's answer and instructed the jury to disregard the answer. The court's prompt action cured any possible prejudice to the appellant resulting from the remark. See Diamond v. State, 363 So.2d 109 (Ala.Crim.App. 1978);Scanland v. State, 473 So.2d 1182 (Ala.Crim.App.), cert. denied, 473 So.2d 1182 (Ala. 1985).
McCullough's remark that he had done a "youthful offender" is not of such a nature that it created ineradicable bias or prejudice. Kendrick v. State, 444 So.2d 905 (Ala.Crim.App. 1984).
 III
The appellant asserts that the prosecutor, during closing arguments, commented on the victim's naivete in sexual matters when he knew that the victim was anything but inexperienced in sexual matters. Defense counsel contends that, since he was prevented from bringing up the victim's sexual history under the Rape Shield Statute, the prosecutor was allowed to distort the truth and use the Rape Shield Statute as a weapon. While this is a novel argument, we are unable to address it because the prosecutor's argument is not recorded in the transcript.Mastin v. State, 455 So.2d 244 (Ala.Crim.App.), cert. denied,455 So.2d 244 (Ala. 1984); McGee v. State, 467 So.2d 685
(Ala.Crim.App. 1985). Furthermore, defense counsel admitted during the motion for new trial hearing that he did not object to the prosecutor's argument. (R. 124). Thus, this issue is not preserved for our review. Trawick v. State, 431 So.2d 574
(Ala.Crim.App.), cert. denied, 431 So.2d 574 (Ala. 1983).
For the reasons shown, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.