■ VERONICA GREEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered May 14, 1991, which directed defendant New York City Housing Authority (NYCHA) to produce the personnel records of defendant Thomas Brown for an in camera inspection, unanimously affirmed, without costs.

Prior to issuing an order for an in camera review of an officer's personnel records, Civil Rights Law § 50-a (2) requires that the court give "interested parties the opportunity to be heard" and that the inspection be conducted only upon "a clear showing of facts sufficient to warrant the judge to request records for review." Then, "[i]f, after such hearing," the court determines that the personnel records contain matter that is relevant and material to the action, it is required to make those parts of the record available to the party requesting disclosure (Civil Rights Law § 50-a [3]). Here, defendant NYCHA was on notice of plaintiff's motion and failed to request a full blown hearing before the court, and thus waived its right thereto, if any, under the statute *(see, Matter of Gannett Co. v James,* 108 Misc 2d 862, *affd* 86 AD2d 744). In any event, defendant NYCHA failed to explain why the motion could not be adequately heard upon submission of its papers alone.

Further, contrary to defendant's claim, demands 1 through 4, which constitute reviews of defendant Brown's conduct, suspensions, disciplinary actions, and complaints against him, are sufficiently particularized. It would have been impossible for plaintiff to describe them further since she was not aware of whether and to what extent they existed *(Cox v New York City Hous. Auth.,* 105 AD2d 663, 664). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.