■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WATSON, Appellant. [613 NYS2d 613] —Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered January 16, 1992, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, 7½ to 15 years, 7½ to 15 years, and 3½ to 7 years, respectively, to run consecutively to a sentence imposed in Federal court for bank robbery, unanimously affirmed.

The off the record conference before defendant appeared in court did not require defendant's presence. Defendant was given a meaningful opportunity to participate in connection with *Sandoval* issues when he was later produced, and, in his presence, the court heard argument and ruled on each of the prosecutor's requests (*compare, People v Favor,* 82 NY2d 254, 267). The court properly refused to permit defendant to exercise his unused peremptory challenges after the jurors from the first panel had been sworn in and the remaining jurors from the second panel accepted (*see, People v Grieco,* 266 NY 48, 54-55). The victim's hospital records were properly admit-

ted as a business record (CPLR 4518; *see, Williams v Alexander,* 309 NY 283), and defendant was not entitled to an intoxication charge absent evidence that the drugs he ingested before the crime affected his ability to form the necessary criminal intent *(see, People v Rodriguez,* 76 NY2d 918).

Finally, in view of defendant's criminal record, which includes 10 felony convictions, and the violent nature of the crimes charged, it was not unduly harsh to have the sentence run consecutively to a Federal sentence on an unrelated offense *(see, People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.