■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHA ALLEN-COLLINS, Appellant. [616 NYS2d 597] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered May 25, 1990, convicting defendant, after a jury trial, of grand larceny in the second degree and two counts of criminal possession of a forged instrument in second degree, and sentencing her to concurrent prison terms of 1 year, unanimously affirmed.

Defendant's presence was not required at the conference at which matters preparatory to the *Sandoval* hearing were discussed. The points discussed were repeated for defendant upon her belated arrival in court, after which a de novo

determination was made concerning the few prior bad acts into which inquiry had not been previously prohibited at the preparatory conference *(see, People v Favor,* 82 NY2d 254, 268; *People v Watson,* 205 AD2d 398). Denial of defendant's application made on the morning of the first day of trial, to have her sixth attorney on the case relieved, did not deny her the right to effective assistance of conflict-free counsel, defendant having failed to show a "significant possibility" of a conflict of interest between herself and her attorney *(People v Macerola,* 47 NY2d 257, 264).

Finally, viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence *(see, People v Barnes,* 50 NY2d 375, 381), including, *inter alia,* admission to her employers that she altered documents pertaining to the relocation expenses she was accused of having obtained under false pretenses. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.