■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SADY ROMAN, Appellant. [619 NYS2d 566] —Judgment of the Supreme Court, New York County (Richard Carruthers, J.), rendered January 15, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 6 to 12 years, unanimously affirmed. Judgment of the same court and Justice, rendered the same date, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second

felony offender, to a concurrent indeterminate term of imprisonment of from 3 to 6 years, unanimously affirmed.

The court did not abuse its discretion in denying defendant's motion for a severance since the defenses of nonparticipation proffered by him and his codefendant were not in irreconcilable conflict *(see, People v Mahboubian,* 74 NY2d 174, 184; *People v Smith,* 204 AD2d 166, *lv denied* 84 NY2d 832; *People v Nesbitt,* 198 AD2d 33, *lv denied* 82 NY2d 900). Moreover, severance was not required because the codefendant absconded before trial. Counsel voiced no objection to the court's instructions to the jury in regard to his absence. Therefore, no objection concerning their adequacy is preserved for review *(see, People v Santiago,* 52 NY2d 865, 866), and we decline to reach the issue in the interest of justice.

Defendant also contends that he was deprived of a fair trial because the prosecutor elicited testimony from his mother concerning a prior incarceration and because some of the prosecutor's questions contravened the court's *Sandoval* ruling permitting the People to elicit the previous felony conviction but precluding inquiry into the underlying facts. Mention of defendant's prior incarceration did not exceed the court's *Sandoval* ruling. The court sustained defense counsel's objections and delivered an appropriate curative instruction as suggested by counsel, which defendant may not now challenge (CPL 470.05 [2]) and properly denied the motions for a mistrial *(People v Santiago, supra; People v Celeste,* 95 AD2d 961). In both the preliminary and final charge, the court directed the jury to disregard stricken testimony, an instruction the jurors are presumed to have followed *(People v Canty,* 60 NY2d 830, 832). Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.