■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KEEGAN, Appellant. [624 NYS2d 138] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered January 2, 1992, convicting defendant, after jury trial, of rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree, and burglary in the first degree, and sentencing him to concurrent terms of 8⅓ to 25 years on the first degree rape, sodomy and burglary counts, and 5 to 15 years on the attempted sodomy count, unanimously affirmed.

Giving due deference to the hearing court's determinations of credibility (People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734), the court properly found that defendant had no reasonable expectation of privacy in his wallet after he had transferred possession and control of it to another individual, while taking no normal precautions to maintain a privacy interest therein (People v Ponder, 54 NY2d 160, 165), particularly after defendant, albeit inadvertently, gave information to the police that the contents of the wallet, apparently relevant to the charges against defendant, were to be burned or de-

stroyed *(see, People v Middleton,* 54 NY2d 474, 483). The court further properly found that the transferee, who possessed the requisite control over the property in question, had the authority to, and did, freely consent to a warrantless search of that property *(People v Cosme,* 48 NY2d 286, 290).

Where appropriate objection was entered to comments of the prosecutor during summation, the court sustained the objection and gave curative instructions to the jury, which presumably understood and followed those instructions *(People v Davis,* 58 NY2d 1102). In all other respects, the prosecutor's summation constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment acceptable in closing argument *(People v Galloway,* 54 NY2d 396).

Defendant did not preserve by objection his current claim of error in the trial court's charge on reasonable doubt *(see, People v Jackson,* 76 NY2d 908). In any event, the court's charge, instructing that a reasonable doubt is one "for which a juror could give a reason if called upon to do so" during deliberations, did not improperly impose a duty to specifically articulate the reasons for their doubt, but merely "defined the required degree of clarity and coherence of thought, focusing on the jurors' intellectual effort" *(People v Brin,* 190 AD2d 512, *lv denied* 82 NY2d 751). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.