■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS McLEAN, Appellant. [624 NYS2d 148] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 24, 1991, convicting defendant, after a jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, and order, same court and Justice, entered November 19, 1993, denying defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant's right to be present at all material stages of his trial was not violated as his alleged absence from a mid-trial colloquy between the attorneys and the court, conducted in the jury room, did not impair his ability to defend against the charges *(see, People v Morales,* 80 NY2d 450; *Snyder v Massachusetts,* 291 US 97). Defendant had no right to be present during legal argument *(see, People v Velasco,* 77 NY2d 469, 472), and he could offer no material contribution during the questioning of the prosecution witness, the purpose of which was merely to ensure that the witness did not blurt out prejudicial remarks concerning defendant *(see, People v Morales, supra; People v Ramirez,* 192 AD2d 382, *lv denied* 81 NY2d 1078), and not to test the credibility of the witness *(see, People v Lovett,* 192 AD2d 326, *lv denied* 82 NY2d 722) or to make an evidentiary ruling *(compare, People v Turaine,* 78 NY2d 871).

Defendant's claim that his right to be present at a confer-

ence prior to the *Sandoval* hearing was violated is also without merit since he was provided a full opportunity to participate in the *Sandoval* ruling when the court subsequently heard argument and ruled on each of the prosecution's requests in his presence *(see, People v Watson,* 205 AD2d 398, *lv denied* 84 NY2d 834). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.