■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TUCKER, Appellant. [629 NYS2d 412] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at hearing; Daniel FitzGerald, J., at trial and sentence), rendered January 15, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Probable cause existed for defendant's arrest since the undercover officer who sent the radio transmission, which included a detailed description of defendant and his location, had observed the sale and was known, by the arresting officer, to be reliable in such circumstances (*People v Rivera*, 209 AD2d 151, *lv denied* 84 NY2d 1037). Accordingly, defendant's motion to suppress identification evidence was properly denied.

Defendant is not entitled to a reversal of his conviction based on his absence from a preliminary conference at which his prior criminal record was discussed, since argument and the court's ruling on his *Sandoval* motion did not occur until all parties were present in open court. He was not, therefore, prevented from having input into the decision-making process (*People v Valentine*, 212 AD2d 399; *People v Allen-Collins*, 207 AD2d 725, *lv denied* 84 NY2d 1008).

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that defendant acted as a steerer in the sale of heroin to the undercover officer (*see, People v Herring*, 83 NY2d 780; *People v Torres*, 211 AD2d 406), and the verdict was not against the weight of the evidence.

We have considered the other contentions raised by appellate counsel and by defendant in his *pro se* supplemental brief and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.