(December 28, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant. [636 NYS2d 23] —Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered August 27, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Since the record was unclear, we remanded this matter for a hearing to determine whether defendant was present at the *Sandoval* hearing and held the appeal in abeyance pending such hearing (216 AD2d 16). The hearing was held and apparently there was a bench conference before the *Sandoval* hearing at which defendant was not present. However, defendant had no right to be present at this off-the-record conference concerning his criminal background since it merely concerned "matters preparatory to the *Sandoval* hearing". (*People v Allen-Collins*, 207 AD2d 725, *lv denied* 84 NY2d 1008). At the subsequent hearing, held in open court, defendant was provided a full opportunity to litigate all *Sandoval* issues (*People v Watson*, 205 AD2d 398, *lv denied* 84 NY2d 834).

The testimony that "evidence" was recovered from the defendant did not violate the court's *in limine* ruling prohibiting evidence that a crack pipe was recovered from him. In any event, the court struck such testimony from the record (*People v Roman*, 210 AD2d 45, *lv denied* 84 NY2d 1037), and defendant made no objection to this curative measure (*People v Ramirez*, 200 AD2d 377, *lv denied* 83 NY2d 857).

Although certain remarks by the prosecutor during summation improperly implied that the non-testifying defendant had a criminal record, the remarks were isolated, not facially incriminatory, and could as fairly be interpreted in a non-prejudicial manner (*see, People v Gonzalez*, 168 AD2d 283, *lv denied* 77 NY2d 906, 961). The other comments complained of did not impermissibly shift the burden of proof and constituted a fair response to the defense summation (*see, People v Galloway*, 54 NY2d 396).

Finally, the court's identification charge, as a whole, conveyed the proper standard that identification must be proven beyond a reasonable doubt (*see, People v Whalen*, 59 NY2d 273, 279). In addition, the court's reasonable doubt charge did not place an affirmative burden on the jurors to explain the reasons for their doubts (*see, People v Keegan*, 213 AD2d 282, *lv denied* 86 NY2d 737). Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.