▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX DIAZ, Appellant. [637 NYS2d 59] —Judgment, Supreme Court, New York County (Brenda Soloff and Franklin Weissberg, JJ., at motions; Michael Corriero, J., at hearing; Edward Sheridan, J., at trial), rendered September 23, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's motion to subpoena, for *in camera* review, the personnel records of two of the arresting detectives, was properly denied without a hearing (*cf., Green v New York City Hous. Auth.*, 186 AD2d 455). Defendant sought the records on the ground that an investigation had been initiated against the narcotics unit to which the detectives were assigned. However, neither officer had been a target of the investigation and the entire matter had been dismissed due to a lack of evidence. Thus, defendant failed to meet his burden under Civil Rights Law § 50-a (2) of demonstrating that the records were "relevant to the merits of the [case] and * * * not sought * * * to conduct 'a fishing expedition to gain information to impeach a witness's general credibility' " (*Flores v City of New York*, 207 AD2d 302, 303).

There was probable cause to arrest defendant "since the undercover officer who sent the radio transmission, which included a detailed description of defendant and his location, had observed the sale and was known, by the arresting officer, to be reliable in such circumstances" (*People v Tucker*, 217 AD2d 418, *lv denied* 86 NY2d 804).

Upon an independent review of the evidence, we find that the verdict was not against the weight of the evidence. We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.