■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COURSEY, Appellant. [673 NYS2d 78] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 28, 1994, convicting defendant, after a jury trial, of robbery in the third degree, tampering with a witness in the third degree (3 counts) and assault in the third degree, and sentencing him, as a second felony offender, to a term of 2²/₃ to 5¹/₃ years, three terms of 2 to 4 years, and a term of 1 year, respectively, all to be served concurrently, unanimously affirmed.

Defendant was not deprived of a fair trial by the complainant's blurting out of prior bad acts evidence contrary to the court's prior ruling excluding such evidence. The court properly exercised its discretion in denying defendant's application for a mistrial (see, People v Young, 48 NY2d 995), because "the statement was cut off in midstream by the court's prompt intercession, minimizing any prejudicial effect it might have" (People v Blackshear, 112 AD2d 1044, 1045), and because the testimony was stricken and, in both the preliminary and final charge, the court directed the jury to disregard stricken testimony, an instruction the jury is presumed to have followed (see, People v Roman, 210 AD2d 45, lv denied 84 NY2d 1037). We note that defendant refused the court's offer of further curative instructions.

We reject defendant's argument that his conviction on the count of tampering with a witness (Penal Law § 215.11) relating to a December 28, 1993 telephone call was against the weight of the evidence. In assessing whether the statement constituted an attempt to instill fear, the jury was entitled to draw inferences based on the surrounding events, including subsequent threats made by defendant (see, People v Ingram,

71 NY2d 474). Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.