■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE DUBOSE, Appellant. [673 NYS2d 677] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered June 14, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly denied defendant's request for a mistrial, since it cured any prejudice by immediately striking from the record the inadvertent elicitation by the People of defendant's possession of a crack pipe, contrary to the court's *in limine* ruling, and by issuing a contemporaneous curative instruction to the jury, which the jury is presumed to have followed (*see, People v Young*, 48 NY2d 995; *People v Roman*, 210 AD2d 45, *lv denied* 84 NY2d 1037).

The courtroom was properly closed during the testimony of the undercover officer, based upon the officer's unchallenged testimony at the *Hinton* hearing that he was actively engaged in ongoing undercover operations in the area of the instant arrest, that he had open cases pending in the courthouse, that he feared for his safety and for the integrity of ongoing operations if his identity as an undercover were revealed, and that he had been threatened in the past by drug dealers (*see, People v Martinez*, 82 NY2d 436). The closing, in any event, was a limited one, since members of defendant's family, lawyers, students and foreign visitors were to be freely admitted. The court further stated that it would hear applications from defendant as to other spectators. Further, since defense counsel never suggested any specific alternatives to closure, the court was not required to consider such alternatives (*People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002). Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.