■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIL SMITH, Appellant. [674 NYS2d 682] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered March 23, 1995, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, and order, same court and Justice, entered on or about June 21, 1996, denying defendant's motion pursuant to CPL 440.10 to vacate said judgment, unanimously affirmed.

Defendant was convicted of shooting a rival drug dealer in the head in a dispute over drug-selling territory. On appeal, he argues that the trial court's questioning of witnesses deprived him of a fair trial in two instances. He contends that the court helped clarify a prosecution witness's testimony by relying on

its own personal knowledge of the area of the crime. He also alleges that the court disparaged his alibi defense by questioning the accuracy of the time records upon which that defense was based. Having failed to object to the individual instances of questioning by the court, or any pattern of questioning, this claim is unpreserved for appellate review (*see*, *People v Egea*, 236 AD2d 330, *lv denied* 89 NY2d 1091), and we decline to review it in the interest of justice.

Were we to review it, we would conclude that the trial court's questioning did not rise to the level of judicial interference warranting reversal (*cf.*, *People v Yut Wai Tom*, 53 NY2d 44). The court's knowledge of the area where the crime occurred did not affect the outcome of the trial, especially in light of the alibi defense. Further, when viewed in the context of the prosecutor's substantial cross-examination regarding the errors in defendant's employer's time records, which errors were conceded by the defense witnesses, the court's few ill-advised comments could not have prejudiced the defendant.

Defendant's additional arguments lack merit. The testimony of two prosecution witnesses that they had purchased drugs from defendant on prior occasions was properly admitted as background evidence, and as relevant to the issue of identifying defendant as the murderer (*see*, *People v Ortiz*, 238 AD2d 213, *lv denied* 90 NY2d 862). Defendant did not preserve his challenge to the court's reasonable doubt charge (*see*, *People v Maldonado*, 220 AD2d 212, 213, *lv denied* 87 NY2d 904; *People v Gasca*, 216 AD2d 138, 139, *lv denied* 86 NY2d 794), which, in any event, did not place an affirmative burden on the jurors to articulate the bases for their doubts (*People v Keegan*, 213 AD2d 282, 283, *lv denied* 86 NY2d 737).

The trial court did not refuse to read back a witness's entire testimony from defendant's previous trial, which ended in a mistrial. Rather, in light of the fact that the witness's testimony was read to the jury that same morning, only a few hours earlier, the court requested that the jury attempt to narrow its request. Even if this claim were preserved, which it is not, no error occurred since the court repeatedly told the jury that the witness's full testimony would be read back if the jury so desired (*see*, *People v Gonzalez*, 236 AD2d 328, 328-329, *lv denied* 90 NY2d 858).

Defendant also appeals the denial of his CPL 440.10 motion, which alleged that his conviction was obtained by fraud on the part of the prosecutor, and that he was denied the effective assistance of counsel. The motion was properly denied as the claims are wholly conclusory, and, as alleged, do not constitute

a legal basis for vacating the judgment (CPL 440.30 [4] [a], [b]). We cannot review the claims raised in defendant's *pro se* supplemental brief relating to the revocation of defendant's probation in the absence of a record of that proceeding (*see, People v Charleston,* 54 NY2d 622, 623). Nevertheless, we note that defendant pleaded guilty to the probation violation, and never included these claims in his CPL 440.10 motion. Concur—Milonas, J. P., Nardelli, Mazzarelli and Saxe, JJ.