McMILLAN, Judge.
The appellant, James Eaton, was convicted by a jury of enticing a child for immoral purposes, a violation of § 13A-6-69, Ala.Code 1975. He was sentenced to three years’ imprisonment. That sentence was suspended and he was ordered to serve 12 months and, conditioned upon his serving those 12 months, he was placed on two years’ probation.
I.
The appellant argues that the trial court improperly denied his motion for a mistrial. The mistrial was warranted, he argues, by the victim’s testimony concerning alleged prior bad acts by the appellant, which he claims irreparably prejudiced his case. The record indicates that the following transpired during the direct examination of the victim:
“Q. Okay, Tell the jury how you know him.
“A. He’s a friend of the family. My cousin’s girlfriend, he was dating her, and they had something going on. He *564 was paying her to have sex and [bringing] her roses.
“[Defense counsel]: Well, now I object, Your Honor. Hold on. I object. I want to approach the bench a minute.
“(The following occurred at the bench outside the hearing of the jury:)
“[Defense counsel]: I don’t know how to cure this. I mean she’s the [prosecu-trix] now, and I know [the prosecutor] has prepared her and trained her. She knows better. I don’t think it’s intentional.
“[Prosecutor]: Judge, we can give her an instruction that that was improper and if you could give the jury an instruction that—
“THE COURT: I’ll give them an instruction not to consider that and instruct her not to testify about that.
“[Defense counsel]: I move for a mistrial at this time.
“THE COURT: I’m going to deny your motion for a mistrial at this time.
“(The following occurred in the presence and hearing of the jury:)
“THE COURT: Ladies and gentlemen, the testimony that you have heard regarding any type of prior conduct with any other individual should not be considered by you as evidence in this case. You should not consider any of that testimony as evidence in this case. And again I will instruct the witness not to testify regarding those matters.
“Q. [To the victim] [W]hat I want you to do is just testify about what you know and not anything you have heard or anything else, okay?
“A I was staying with my cousin, and he was—
“Q Well, okay, what I’m saying is just answer — let’s not you know, go into other things. We are just going to talk about what happened to you, okay?
“A Yes, ma’am.”
There were no further allusions to this alleged prior bad act. This particular testimony was vague; it gives no indication of the girlfriend’s age. The trial court promptly instructed the jury not to consider the testimony as evidence and the witness was instructed to refrain from mentioning it any further.
“ ‘Error in the admission of evidence of the commission of other offenses by the accused is cured where the trial court sustains the objection, excludes the objectionable testimony and instructs the jury not to consider it. Dockery v. State, 269 Ala. 564, 114 So.2d 394 (1959) (in homicide prosecution, evidence that defendant stole witness’s automobile in fleeing scene); Franklin v. State, 357 So.2d 364 (Ala. Cr.App.), cert. denied, Ex parte Franklin, 357 So.2d 368 (1978) (in burglary prosecution, evidence that defendant was a “known” burglar was eradicable).’
“Barbee v. State, 395 So.2d 1128, 1134 (Ala.Crim.App.1981).
“ ‘[A]ii indirect reference to the defendant’s involvement in other crimes is not incurably harmful to the accused, and any possible prejudice may be eradicated by the trial judge’s prompt curative instruction to the jury.’
“Brooks v. State, 462 So.2d 758 760 (Ala.Crim.App.1984), cert. denied, 462 So.2d 758 (Ala.1985).
“Here the trial judge immediately sustained defense counsel’s objection to McCullough’s answer and instructed the jury to disregard the answer. The court’s prompt action cured any possible prejudice to the appellant resulting from the remark. See Diamond v. State, 363 So.2d 109 (Ala.Crim.App.1978); Scanland v. State, 473 So.2d 1182 (Ala.Crim.App.), cert. denied, 473 So.2d 1182 (Ala.1985).”
McDonald v. State, 516 So.2d 868, 870-71 (Ala.Cr.App.1987) (wherein a witness testified in answer to the prosecutor’s question regarding the defendant’s age that he was uncertain but had completed a youthful *565 offender report apparently on the defendant).
“ ‘A motion for mistrial should not be granted where the prejudicial qualities of the comment can he eradicated by action of the trial court.’ Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala.1979) (quoted in Henry v. State, 468 So.2d 896, 901 (Ala.Cr.App.1984), cert. denied, 468 So.2d 902 (Ala.1985)). We have held in a number of cases that questions or comments similar to the question in this case are eradicable. See e.g., Nathan v. State, 436 So.2d 19 (Ala.Cr.App.1983) (in child abuse case, any prejudice arising from comment by prosecutor that another defendant’s children had died was eradicated by trial judge’s instruction to jury to disregard); Floyd v. State, 412 So.2d 826, 830 (Ala.Cr.App.1981) (‘the trial court’s action in immediately instructing the jury to disregard the prosecution’s vague reference to another unspecified crime cured any potential error prejudicing the appellant’s case’); Diamond v. State, 363 So.2d 109 (Ala.Cr.App.1978) (same); Garner v. State, 53 Ala.App. 209, 298 So.2d 630, cert. denied, 292 Ala. 721, 298 So.2d 633 (1974) (any prejudicial effect flowing from the prosecutor’s question ‘Did they ever look at the mug shot?’ was removed by the trial court’s prompt action in instructing the jury to disregard). We are of the opinion that any prejudice arising from this question, which was not answered, was both capable of eradication and was eradicated by the trial court’s prompt action. See Blanco v. State, 515 So.2d 115, 121 (Ala.Cr.App.1987); Woods v. State, 460 So.2d 291, 295 (Ala.Cr.App.1984).”
“Moreover, a mistrial ‘specifies such fundamental error in a trial as to vitiate the result.’ Diamond v. State, 363 So.2d 109, 112 (Ala.Cr.App.1978), and should be granted only when a ‘high degree of “manifest necessity”’ is demonstrated. Wadworth v. State, 439 So.2d 790, 792 (Ala.Cr.App.1983), cert. denied, 466 U.S. 930, 104 S.Ct. 1716, 80 L.Ed.2d 188 (1984). It is well-settled that ‘the granting of a mistrial is within the sound discretion of the trial. [judge], for he, being, present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury’s ability to decide the defendant’s fate fairly and justly.’ Shadle v. State, 280 Ala. 379, 384, 194 So.2d 538, 542 (1967). Absent clear abuse, this court will not disturb the trial court’s exercise of that discretion. Wadsworth v. State, 439 So.2d at 792. Garnett has made no showing of the ‘high degree of “manifest necessity” ’ required for the granting of a mistrial. We therefore find no abuse of discretion in this case.”
Garnett v. State, 555 So.2d 1153, 1154-55 (Ala.Gr.App.1989) (the victim’s reference to a prior act of violence by the defendant, which had apparently resulted in her arrest did not require a mistrial where the trial judge instructed the jurors to disregard this testimony). See also Ashlock v. State, 64 Ark.App. 253, 983 S.W.2d 448 (1998) (the court held that the trial court did not abuse its discretion in denying a motion for mistrial where an officer testified that when he stopped the defendant for driving under the influence the defendant engaged him in conversation concerning 10 years the defendant had spent in prison, and the trial court instructed the jury to disregard the comment). See also People v. Coursey, 673 N.Y.S.2d 78, 250 A.D.2d 351 (1998) (the trial court properly exercised its discretion in denying the defendant’s motion for a mistrial based on the victim’s blurting out litany of prior bad acts although the trial' court had previously granted motion to exclude that evidence; moreover, the appellate court stated that the trial court had instructed the jury to disregard the testimony and affirmed the rule of law that a jury is presumed to have followed its. instructions). See also State v. Weber, (No. 97 CA00245, Aug. 10, 1998) (1998) Ohio App.3d Dist. (unpublished) (the trial court properly denied the motion *566 for a mistrial where the trial court sustained the appellant’s objection and instructed the jury to disregard the testimony concerning an AL-ANON meeting in a case involving driving under the influence because “Ijluries are presumed to follow and obey the instructions given to them by the trial court.” Id. at 4.)
In the present case, the victim, who was 15 years old, testified that the appellant offered her $50 to go to his house to have sex with him. The victim’s brother testified that he observed the appellant winking and waving at the victim at a ballpark, and that the victim appeared to be very nervous as a result of the appellant’s actions. The victim’s mother testified that, when the victim told her of the appellant’s proposition, she became extremely upset and grabbed the appellant. She testified that he initially laughed and denied the accusation. He then told her that he was “coming on to” the victim in order to “get to” the mother. She testified that the appellant made this explanation in response to her question as to why he was offering the victim $50 for sex. The appellant presented witnesses who testified that the victim’s mother had attempted to instigate a relationship with him. In this case there was no manifest abuse of discretion by the trial court in denying the appellant’s motion for mistrial.
II.
The appellant argues that the trial court erred in denying his challenge for cause of five potential jurors, based on their alleged statements during voir dire that they would consider the defendant’s failure to testify in arriving at them verdicts. The appellant acknowledges that two potential jurors who stated that they would consider the defendant’s failure to testify were excused by the trial court. The appellant argues that the remaining five jurors’ statements indicated that they might consider the defendant’s failure to testify. The appellant further argues that he was prejudiced because one of these potential jurors served on the jury and was foreperson of the jury. However, the record indicates that this juror stated that he could follow the trial court’s instructions not to consider the defendant’s failure to testify. Moreover, defense counsel, in challenging these potential jurors at trial, stated that he was withdrawing his challenge as to this particular potential juror because of this answer. As to the remaining four potential jurors, the record indicates that when questioned by the trial court as to whether they could follow the court’s instructions in this respect, three stated that they would and the other indicated that he would “do the best job” that he could. The appellant argues that this response was insufficient.
“ ‘To justify a challenge of a juror for cause there must be a statutory ground (Ala.Code § 12-16-150 (1975)), or some matter which imports absolute bias or favor and leaves nothing to the discretion of the trial court.’ Nettles v. State, 435 So.2d 146, 149 (Ala.Crim.App.), aff'd, 435 So.2d 151 (Ala.1983).” Sockwell v. State, 675 So.2d 4, 16 (Ala.Cr.App.1993). In the present case, despite this potential juror’s early answers indicating that he might be influenced by a defendant’s failure to testify, after instructions by the trial court as to the presumption of innocence and the defendant’s right not to testify, he clearly indicated that he would listen to the trial court’s instructions and do the best job that he could do to render a fair and impartial verdict. Moreover, following the defense counsel’s challenge of all of these potential jurors, stating that their responses were not “affirmative enough,” the trial court responded as follows: “I have considered it, believe me. For the last three hours I’ve been considering it, and I’ve heard everything everybody said. And I have considered everything. I’ve even asked these people myself.” He then acknowledged that he felt it was proper to dismiss the two potential jurors who had stated that the defendant’s failure to testify might interfere with their ability to be fair and impartial, but that the other potential jurors had indicated that they could follow instructions and, therefore, *567 he would not dismiss them for cause. The trial court, in referring to this last potential juror, again stated that the potential juror did indicate, “I’m going to try.”
“ ‘The trial court’s denial of a challenge for cause should not be reversed unless the answers of the prospective juror, taken as a whole, established a fixed opinion that would bias his verdict.’ Perryman v. State, 558 So.2d 972, 977 (Ala.Crim.App.1989).” Sockwell v. State, supra at 17.
“In Morrison v. State, 601 So.2d 165, 168 (Ala.Cr.App.1992), this court held:
“ ‘The qualification of prospective jurors rests within the sound discretion of the trial court. Ex parte Cochran, 500 So.2d 1179, 1183 (Ala.1985); Alabama Power Co. v. Henderson, 342 So.2d [323] at 327 [Ala. 1976]. A judge’s decision on a challenge for cause is “is entitled to great weight” and will not be disturbed on appeal “unless clearly erroneous, equivalent to an abuse of discretion.” Brownlee v. State, 545 So.2d [151, 164 (Ala.Cr.App.1988) ]. In reviewing a trial court’s challenge for cause, “this court will look to the questions propounded [to] and the answers given by the prospective juror to see if [the trial court’s] discretion was properly exercised.” Alabama Power Co. v. Henderson, 342 So.2d at 327. Accord Ex parte Cochran, 500 So.2d at 1183-84. These questions and answers must be viewed as a whole and not in isolation. See Ex parte Rutledge, 523 So.2d 1118, 1120 (Ala.1988); Ex parte Beam, 512 So.2d 723, 724 (Ala.1987).’ ”
Knotts v. State, 686 So.2d 431, 476 (Ala.Cr.App.1995).
“ ‘A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later “bends over backwards” to be fair. The judge was in a position to hear not only the words recorded by the court reporter but also the meaning conveyed by the responding prospective juror. A trial court’s ruling on challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be abuse of discretion.’ Clark v. State, 443 So.2d 1287, 1289 (Ala.Cr.App.1983). See also Ex parte Nettles, 435 So.2d 151, 154 (Ala.1983), and cases cited therein.”
Mahan v. State, 508 So.2d 1180, 1182 (Ala.Cr.App.1986).
The potential juror stated that he would try to do the best job that he could; the trial court’s decision not to remove this juror for cause was not an abuse of discretion. See Price v. State, 725 So.2d 1003 (Ala.Cr.App.1997) (the trial court did not abuse its discretion in failing to remove for cause a juror who stated that he “would try to the best of [his] knowledge” to render a fair and impartial verdict based on the evidence.) See also Knotts v. State, 686 So.2d at 476 (the trial court did not err in failing to excuse a potential juror who had responded during voir dire questioning: “ ‘It always has raised a question in my mind when the defendant did not testify.’”)
III.
The appellant argues that the trial court improperly communicated with the jury during its deliberations. He alleges in brief that the trial court “apparently” received a note from the jury during its deliberations stating that the jury was deadlocked. The trial court allegedly responded by telling the jury to continue deliberations. However, this claim was never presented to the trial court; therefore, there is no adverse ruling from which the appellant can appeal. Thus, this matter is not preserved for review. Spradley v. State, 414 So.2d 170, 172-73 (Ala.Cr.App.1982).
AFFIRMED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.