COBB, Judge,
concurring specially.
The prosecutor in this case made repeated comments in closing argument that a witness to the crime had been afraid of the defendant, Bruce Wagner, but no testimony in the record supported those statements. The trial court sustained one of defense counsel’s objections to the comments, and it overruled the remaining objections and denied Wagner’s motion for a mistrial. The prosecutor’s arguments about the witness’s fear were erroneous because they were unsupported by any evidence placed before the jury or by any reasonable inference from the evidence.
“It has been uniformly held that counsel should have wide latitude to draw reasonable inferences from the evidence but should not be allowed to argue as a fact that which is not supported by the evidence.” Brown v. State, 374 So.2d 391, 394 (Ala.Crim.App.), aff'd, 374 So.2d 395 (Ala.1979). Because the prosecutor’s comments about the witness’s fear of Wagner were not based on evidence in the record, the trial court should have sustained all of the objections to those remarks. However, this Court has often held that a motion for a mistrial should not be granted where *1183 the prejudicial qualities of improper comments can be eradicated by the trial court’s curative actions. E.g., Eaton v. State, 759 So.2d 562, 565 (Ala.Crim.App.1999). The trial court here instructed the jury repeatedly, including after the objectionable remarks were made, that the arguments of counsel were not evidence in the case. Furthermore, as the majority correctly noted in its unpublished memorandum, the decision on a motion for mistrial is a matter left to the trial court’s sound discretion. The trial court is in a better position to determine the effect, if any, an improper remark had on the jury’s ability to decide the case impartially. Id.
Therefore, although I believe the trial court should have sustained all of Wagner’s objections to the prosecutor’s improper remarks, I agree that the trial court did not abuse its discretion when it denied the motion for a mistrial. For the foregoing reasons, I concur with the majority’s unpublished memorandum.