OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are affirmed; and it is further ordered that the appeal from the order entered September 9, 2008 is dismissed.
The appeal from the order which denied defendant’s post-judgment motion, in effect, pursuant to CPL 440.10, is dismissed as defendant did not seek leave to appeal from that order (see CPL 450.15 [1]; 460.15).
The People charged defendant in separate informations with constructing a deck attached to her home without having *25 obtained a building permit therefor (Code of Town of Lewisboro § 91-12) and with violating stop work orders posted at her premises in relation to that construction (Code of Town of Lewisboro § 91-23). In the accusatory instruments, the complainant building inspector alleged that he had personally observed construction in progress for which a permit was required; that, on personal knowledge, an inspection of the Town of Lewisboro records revealed that defendant owned the subject premises; that no completed application for a permit applicable to the period in which the complainant observed that construction existed; that no building permit for that construction existed; and that the work had continued after he had twice posted stop work orders at defendant’s premises. Although the instruments did not contain allegations of fact directly probative of defendant’s intent and knowledge with respect to constructing the deck in defiance of the permit requirement and the posted stop work orders, such intent is sufficiently alleged “on the basis of a logical implication of the act[s constituting the offenses] or upon the surrounding circumstances” (People v Prevete, 10 Misc 3d 78, 80 [App Term, 9th & 10th Jud Dists 2005]; see People v Johnson, 65 NY2d 556, 561 [1985]; People v Bracey, 41 NY2d 296, 301 [1977]; People v Dasilva, 21 Misc 3d 141[A], 2008 NY Slip Op 52374[U] [App Term, 9th & 10th Jud Dists 2008]). Consequently, contrary to defendant’s contention, we find that the accusatory instruments were not defective.
Defendant’s pretrial motion to transfer the prosecution to another venue (CPL 170.15 [3] [b]) was properly denied. Defendant’s supporting documentation — for her allegation that pretrial publicity and community sentiment rendered it impossible to impanel a fair and unbiased jury — amounted to complaints by defendant’s neighbors to the Town of Lewisboro regarding unrelated activities, an affidavit by defendant alleging an ethnic bias component in her encounters with them, and two newspaper articles, one of which was sympathetic to defendant, and both of which involved an unrelated prior proceeding against defendant and others for environmental law violations. Such proof falls short of establishing “deep and abiding resentment” caused by “extensive publicity and comment” (People v Cahill, 2 NY3d 14, 39 [2003]) or such a “deluge” of prejudicial publicity as to render futile any attempt to select an unbiased jury (People v Boss, 261 AD2d 1, 4 [1999]). It is noteworthy that a review of the voir dire minutes reveals that only a few of the prospective jurors were aware of defendant and the present or *26 past proceedings by the Town of Lewisboro against her, and all of those prospective jurors were excused for cause. Indeed, subsequent to the jury’s impaneling, defense counsel acknowledged that the parties had “d[one] a good job getting a set of jurors that are going to do a fair trial.”
Defendant’s argument that she was subjected to selective enforcement of the ordinances regarding the permit requirement and stop work orders is not preserved for appellate review (see People v Goodman, 31 NY2d 262, 269 [1972]; People v Carter, 86 AD2d 451, 453 [1982]; People v Otto, 2003 NY Slip Op 51181[U] [App Term, 9th & 10th Jud Dists 2003]). In any event, defendant has not demonstrated the relative absence of enforcement against others similarly situated, or that the enforcement against her was based on impermissible considerations, such as bias, bad faith, an intent to punish her for the exercise of a right, or motives unrelated to a legitimate governmental interest (People v Blount, 90 NY2d 998, 999 [1997]; Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 [1979]; Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 203 [2009]).
We also find without merit defendant’s contention that the Justice Court improperly denied her access to the complaining witness’s personnel file. It was undisputed that the witness had retired as building inspector, and that the Town of Lewisboro had decided to forgo proceedings against the inspector and to seal the records in relation thereto. In analogous contexts, the mere desire to cross-examine a witness with regard to general credibility does not automatically entitle a party to information that is confidential (People v Baez, 183 AD2d 481, 482 [1992]); what is required is founded allegations that the confidential material contains matter “relevant and material to the determination of guilt or innocence” or which “could very well affect the outcome of the trial,” as opposed to matters useful only to impeach a witness’s general credibility (People v Gissendanner, 48 NY2d 543, 548 [1979]; see also People v Drake, 7 NY3d 28, 34 [2006]; People v Plaza, 60 AD3d 1153 [2009]). The Justice Court granted defendant latitude in examining the witness as to his competence. In the absence of any grounds for a belief that the confidential file contained matters appropriate for confrontation other than as to general credibility, it cannot be said that the court abused its discretion in denying the disclosure motion without a hearing (e.g. People v Diaz, 223 AD2d 469 [1996]).
We have considered defendant’s remaining claims of error and find them to be unpreserved (People v Gray, 86 NY2d 10, 22 *27 [1995]; People v Gibbs, 210 AD2d 4 [1994]) or without merit (CPL 710.60; People v Burton, 6 NY3d 584, 587-588 [2006]; see also Oliver v United States, 466 US 170, 178 [1984]; People v Cosme, 48 NY2d 286, 290 [1979]; cf. People v Scott, 79 NY2d 474, 491 [1992]).