■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia J.), rendered February 16, 1989, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement made by him to law enforcement authorities and identification testimony.

Ordered that the judgment is affirmed

The defendant contends that his arrest was illegal since there were no exigent circumstances that excused the police from obtaining an arrest warrant before arresting the defendant in his home *(see, Payton v New York,* 445 US 573). The *Payton* claim, however, was neither raised at the pretrial hearing nor at trial and is unpreserved for appellate review

(CPL 470.05 [2]; *see, People v Hughes,* 138 AD2d 523). Nor does the interest of justice compel a reversal on the record before us, which reveals that the defendant consented to the officer's entry into his home *(see, People v McCrary,* 152 AD2d 710).

The court's finding that the photographic array displayed to the victim of the robbery was not suggestive is supported by the evidence adduced at the hearing and will not be disturbed on appeal *(see, People v Hinds,* 166 AD2d 542). Additionally, we find the defendant's claim that the police improperly influenced the complainant's identification of the defendant at the lineup is without merit. An identification is not automatically rendered suggestive by an officer's remark that a subject is in custody *(see, People v Rodriguez,* 64 NY2d 738; *People v Smith,* 140 AD2d 647). That the witness, prior to the lineup, was informed by a police officer that they "had a guy" did not render the lineup unduly suggestive since there was no suggestion as to which of the lineup participants was the "guy" *(see, People v Davis,* 151 AD2d 494).

We find that the trial court did not err in its denial of the defendant's motion for a mistrial after a portion of an inadmissible statement made by the defendant was inadvertently revealed to the jury during the direct examination of a police officer. It is settled that "the decision whether to abort a criminal trial must rest * * * in the sound discretion of the trial court" *(Hall v Potoker,* 49 NY2d 501, 505). An appellate court should be hesitant to interfere with the exercise of this discretion, particularly where the decision involves an assessment of the impact of certain events upon a jury, such as the uttering of prejudicial comments *(see, People v Banks,* 130 AD2d 498; *see also, People v Beckum,* 156 AD2d 571). Any prejudice which may have resulted from the officer's remark was alleviated by the trial court's thorough curative instruction *(see, People v Cuba,* 154 AD2d 703).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.