■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN THOMAS, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered October 20, 1988, convicting defendant after jury trial of robbery in the first degree, and sentencing him to an indeterminate term of 18 years to life imprisonment, unanimously affirmed.

Defendant argues that the lineup conducted at the precinct house was suggestive, on the ground that the complainant

testified that he was told by the police officer conducting the hearing that the person whose photograph he had selected from a photographic array would be in that lineup. Although the suppression court credited the police officer's testimony that no such statement was made, defendant would have this court make new factual determinations, contrary to those made by the motion court, and contrary to the general rule that the hearing court's factual determinations are entitled to great weight. *(People v Benitez,* 162 AD2d 100.) We discern no basis to do so, as the record indicates that the complainant's testimony as to what he was told was ambiguous and contradictory, and may well have been the result of mistake or confusion. Assuming arguendo that the complainant had been so advised, this circumstance alone would not warrant a finding that the lineup was suggestive. *(People v Goodman,* 167 AD2d 352, *lv denied* 77 NY2d 878.) Further, we find that the lineup photograph belies defendant's claim that he was physically larger, or that his head was significantly bigger than the other individuals in the lineup.

Defendant's argument that the court considered extraneous matters at sentencing, including the facts underlying two cases which had been dismissed, is unpreserved for appellate review as a matter of law (CPL 470.05 [2]). We decline to reach the issue in the interest of justice. We note that a court may not sentence a defendant based upon extraneous crimes unless there is evidence that defendant committed those crimes *(People v Villanueva,* 144 AD2d 285, *lv denied* 73 NY2d 897). Review of this issue is precluded by the failure to make a proper record at sentencing. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.