People v Santos (2021 NY Slip Op 07563)





People v Santos


2021 NY Slip Op 07563


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-15101
 (Ind. No. 1910-17)

[*1]The People of the State of New York, respondent,
v
Soily Aparicio Santos, appellant.


Thomas E. Scott, Amityville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered November 1, 2018, convicting her of attempted murder in the second degree, attempted assault in the first degree, attempted assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and sentencing her to a determinate term of imprisonment of 16 years to be followed by a period of 5 years of postrelease supervision on the conviction of attempted murder in the second degree, a determinate term of imprisonment of 8 years to be followed by a period of 3 years of postrelease supervision on the conviction of attempted assault in the first degree, an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of attempted assault in the second degree, and a definite term of imprisonment of 1 year on the conviction of endangering the welfare of a child, with all sentences to run concurrently. The appeal brings up for review the denial, after a hearing (Mark D. Cohen, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements she made to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of attempted murder in the second degree from a determinate term of imprisonment of 16 years to be followed by a period of 5 years of postrelease supervision, to a determinate term of imprisonment of 10 years to be followed by a period of 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The County Court properly denied those branches of the defendant's omnibus motion which were to suppress oral and written statements and certain physical evidence seized from the defendant's apartment. Contrary to the defendant's contention, the record establishes that the defendant was not in custody while at the hospital, nor when she was subsequently at the police station, prior to making an inculpatory statement. Under these circumstances, "a reasonable person, innocent of any crime, would [not] have believed she was in police custody" (People v Delfino, 234 AD2d 382, 383; see People v Fox, 123 AD3d 844, 845). Moreover, the statements were voluntarily made after the defendant knowingly, voluntarily, and intelligently waived her Miranda rights (Miranda v Arizona, 384 US 436; see People v Burgos, 198 AD3d 672; People v O'Brien, 186 AD3d 1406, 1407). Further, the court properly found that, under the totality of the circumstances, the defendant voluntarily consented to the search of her residence (see People v Evans, 157 AD3d 716, 716; People v Quagliata, 53 AD3d 670, 671-672).
The County Court providently exercised its discretion in denying the defendant's request for a mistrial, and instead striking certain evidence from the record and issuing a curative instruction (see People v Ortiz, 54 NY2d 288, 292; Hall v Potoker, 49 NY2d 501, 505; People v Richardson, 175 AD2d 143, 144). The jury is presumed to have followed the curative instruction (see People v Hall, 266 AD2d 160, 161; People v Coursey, 250 AD2d 351, 351).
The defendant's contention that the County Court improvidently exercised its discretion in permitting a forensic pathologist to testify as an expert is without merit. Contrary to the defendant's contention "a physician need not be a specialist in a particular field in order to testify, provided that he possesses the requisite knowledge, and the weight to be attached to an expert's opinion is a matter for the jury" (People v Paun, 269 AD2d 546, 546).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court