People v Wright (2022 NY Slip Op 01820)





People v Wright


2022 NY Slip Op 01820


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-06972
 (Ind. No. 1484/17)

[*1]The People of the State of New York, respondent,
v
Freddie T. Wright, appellant.


Patricia Pazner, New York, NY (Priya Raghavan of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Aaron Spurlock, and Charles Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered June 6, 2019, convicting him of robbery in the second degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of robbery in the second degree (see CPL 470.05[2]; People v Quaye, 167 AD3d 661, 662). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The Supreme Court properly denied the defendant's Batson challenges (see Batson v Kentucky, 476 US 79) with respect to prospective juror No. 13 on the first panel of prospective jurors and prospective juror No. 6 on the third panel of prospective jurors. In both instances, the defendant failed to satisfy his burden of demonstrating, under the third prong of the Batson test, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (see People v Booker, 49 AD3d 658, 659).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05; People v Lawson, 40 AD3d 657, 658). In any event, to the extent that the prosecutor's comments included misstatements of certain facts adduced at trial, the remarks were not so egregious as to have deprived the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 238; People v Lavayen, 200 AD3d 1069, 1071; People v Morales, 171 AD3d 945, 947).
The defendant's contention that the Supreme Court improperly took into consideration uncharged crimes in imposing sentence is unpreserved for appellate review (see People v Thomas, 178 AD2d 162, 163), and, in any event, without merit (see People v Powell, 125 AD3d 1010, 1012, affd 27 NY3d 523). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court