People v Estwick (2022 NY Slip Op 05043)

People v Estwick

2022 NY Slip Op 05043

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2017-08730
 (Ind. No. 2023/15)

[*1]The People of the State of New York, respondent,
v
Dwane Estwick, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered July 14, 2017, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied the defendant's Batson challenges (see Batson v Kentucky, 476 US 79) with respect to prospective jurors nos. 1 and 12 on the first panel of prospective jurors and prospective jurors nos. 5 and 14 on the third panel of prospective jurors. In both instances, the defendant failed to satisfy his burden of demonstrating, under the third prong of the Batson test, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (see People v Wright, 203 AD3d 965, 966; People v Booker, 49 AD3d 658, 659).
The defendant's contention that the evidence was legally insufficient to establish his guilt of robbery in the first degree because the People failed to prove the identity of the object that he used to inflict injury upon the complainant is without merit. The particular identity of the dangerous instrument is not an element of robbery in the first degree (see Penal Law § 160.15[3]). The evidence showed that the defendant struck the complainant on the back of the head with an object the defendant picked up from the ground, rendering the complainant unconscious and causing a laceration to the back of complainant's head. The evidence was legally sufficient to prove the dangerous instrument element of robbery in the first degree (see generally People v Pierre-Louis, 171 AD3d 949, 949-950; People v Carrington, 155 AD3d 888, 889).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial and, instead, striking certain evidence from the record and issuing a curative instruction (see People v Ortiz, 54 NY2d 288, 292; Hall v Potoker, 49 NY2d 501, 505; People v Santos, 200 AD3d 1075, 1077; People v Richardson, 175 AD2d 143, 144). The jury is presumed to have followed the curative instruction (see People v Santos, 200 AD3d at 1077; People v Hall, 266 AD2d 160, 161; People v Coursey, 250 AD2d 351, 351).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is only partially preserved for appellate review (see CPL 470.05[2]; People v Stallone, 204 AD3d 841, 842; People v Munnerlyn, 193 AD3d 981, 982). In any event, contrary to the defendant's contention, the prosecutor did not act as an unsworn expert witness on the issue of the nature of the complainant's injuries (see People v Martinez, 95 AD3d 462, 462). Additionally, although the People acknowledge that the prosecutor should not have commented to the jury regarding the reasons for dismissing certain counts of the indictment, the comment constituted a fair response to arguments made by defense counsel during summation (see People v Alphonso, 144 AD3d 1168, 1168). Moreover, contrary to the defendant's contention, any instances of prosecutorial misconduct during defense counsel's cross-examination of two witnesses and summation were not, either individually or collectively, so egregious as to have deprived the defendant of a fair trial (see id. at 1168-1169).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court