Matter of Nelson X. A. (Soily A. S.) (2023 NY Slip Op 01893)

Matter of Nelson X. A. (Soily A. S.)

2023 NY Slip Op 01893

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07802
2021-07933
2021-08543
 (Docket Nos. B-18335-18, B-18336-18, B-18337-18, B-18338-18)

[*1]In the Matter of Nelson X. A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A. S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Brittani. A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A. S. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Luis I. C. A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A. S. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Emely M. A. A. (Anonymous). Suffolk County Department of Social Services, respondent; Soily A. S. (Anonymous), appellant. (Proceeding No. 4)

Heather A. Fig, Bayport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of disposition of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated October 21, 2021, (2) an order of fact-finding and disposition of the same court dated October 26, 2021, and (3) an amended order of fact-finding and disposition of the same court dated November [*2]4, 2021. The amended order of fact-finding and disposition, upon an order of the same court dated April 12, 2021, granting the petitioner's motion for summary judgment on the issue of whether the mother severely abused the subject children, and after a dispositional hearing, terminated the mother's parental rights and transferred custody and guardianship of the children to the Suffolk County Department of Social Services for the purpose of adoption.
ORDERED that the appeals from the order of disposition and the order of fact-finding and disposition are dismissed, without costs or disbursements, as those orders were superseded by the amended order of fact-finding and disposition; and it is further,
ORDERED that the amended order of fact-finding and disposition is affirmed, without costs or disbursements.
In November 2018, the mother of the subject children was convicted of, inter alia, attempted murder in the second degree based upon her attempt to smother her infant child, Nelson X. A., with a pillow. Based upon the mother's convictions, the Suffolk County Department of Social Services (hereinafter the DSS) commenced these related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights and to free the children for adoption. Thereafter, the DSS moved for summary judgment on the issue of whether the mother severely abused the children based upon her convictions. In an order dated April 12, 2021, the Family Court, among other things, granted the DSS's motion for summary judgment. In an amended order of fact-finding and disposition dated November 4, 2021, made after a dispositional hearing, the court terminated the mother's parental rights and transferred custody and guardianship of the children to the DSS for the purpose of adoption. The mother appeals.
Initially, the mother's contention that the Family Court should have adjourned the dispositional hearing pending the determination of her appeal from the judgment of conviction has been rendered academic, as this Court has decided that appeal by modifying the judgment so as to reduce the sentence imposed on the conviction of attempted murder in the second degree and affirming the judgment as so modified (see People v Santos, 200 AD3d 1075).
Furthermore, the evidence presented at the dispositional hearing established that it was in the best interests of the children to terminate the mother's parental rights. Contrary to the mother's contention, a suspended judgment was not warranted, as such a disposition would "[serve] only [to] prolong the delay of stability and permanenc[e] in the [children's living situation]" (Matter of S.E.M. [Elizabeth A.M.], 213 AD3d 667, 669 [internal quotation marks omitted]; see Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732).
Accordingly, the Family Court properly terminated the mother's parental rights and transferred custody and guardianship of the children to the DSS for the purpose of adoption.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court