People v Vaughn (2023 NY Slip Op 03243)

People v Vaughn

2023 NY Slip Op 03243

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2018-06689
 (Ind. No. 4244/16)

[*1]The People of the State of New York, respondent,
v
David Vaughn, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered April 5, 2018, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was accused of committing a gunpoint robbery of a wholesale business in Brooklyn on May 9, 2016. The defendant was arrested and, following a jury trial, he was convicted of robbery in the first degree and burglary in the second degree. The defendant appeals.
As correctly conceded by the defendant, his contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 490-491). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to prove beyond a reasonable doubt the defendant's guilt of burglary in the second degree.
The defendant further contends that the verdict of guilt of robbery in the first degree and burglary in the second degree was not supported by the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court improvidently exercised its discretion in limiting the defense expert's testimony regarding certain factors affecting the reliability of eyewitness identifications. "As a general rule, the trial court is granted broad discretion in making evidentiary rulings precluding or admitting such evidence and, absent an abuse of discretion, a trial court's decision should not be disturbed on appeal" (People v Aska, 91 NY2d 979, 981; see People v Lee, 96 NY2d 157, 160; People v Carroll, 95 NY2d 375, 385). However, "where the case turns [*2]on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications if that testimony is (1) relevant to the witness's identification of defendant, (2) based on principles that are generally accepted within the relevant scientific community, (3) proffered by a qualified expert and (4) on a topic beyond the ken of the average juror" (People v LeGrand, 8 NY3d 449, 452; see People v Boone, 30 NY3d 521, 528; People v Santiago, 17 NY3d 661, 669-671; People v Jones, 211 AD3d 748, 750). Here, the People presented sufficient corroborating evidence connecting the defendant to the crime to obviate the need for the additional inquiry required by People v LeGrand (8 NY3d at 452) (see People v Young, 7 NY3d 40, 45; People v Granger, 122 AD3d 940, 941). Under the circumstances of this case, the court providently exercised its discretion in limiting the testimony of the defense expert to the sole issue of the cross-race effect on eyewitness identifications.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Viewed in totality and as of the time of the representation, the record reveals that the defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The prosecutor's remarks which were directed against the character of the defense expert and which misconstrued the substance of the expert's testimony were improper. "[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command" (People v Ashwal, 39 NY2d 105, 109; see People v Drago, 207 AD3d 559, 561). Thus, "[a] prosecutor is [only] permitted to make remarks that are fair comment on the evidence, rhetorical comment, or a fair response to defense counsel's summation" (People v Dawson, 178 AD3d 719, 720). Under the circumstances of this case however, the challenged remarks were not, either individually or collectively, so egregious as to have deprived the defendant of a fair trial (People v Wragg, 26 NY3d 403, 411-412; see People v Estwick, 208 AD3d 799; People v Cagan, 185 AD3d 836, 838; People v Giddens, 161 AD3d 1191, 1194).
The Supreme Court providently exercised its discretion in denying the defendant's application for a mistrial based on the People's innuendo during redirect examination that the defendant had previously been arrested. Any possible resulting prejudice to the defendant was ameliorated when the court sustained defense counsel's objection to the prosecutor's question on redirect examination, which prevented the witness from responding, and provided a curative instruction to the jury, which the jury is presumed to have followed (see People v Santiago, 52 NY2d 865, 866; People v Morris, 189 AD3d 1077, 1079; People v Dubois, 116 AD3d 878, 878; People v Ray, 100 AD3d 933, 933-934). Contrary to the People's contention, this issue was adequately preserved for appellate review (see CPL 470.05[2]).
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court