People v Estwick (2024 NY Slip Op 02768)

People v Estwick

2024 NY Slip Op 02768 [42 NY3d 92]

May 21, 2024

Rivera, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 25, 2024

[*1]

The People of the State of New York, Respondent,
v
Dwane Estwick, Appellant.

Argued April 18, 2024; decided May 21, 2024

People v Estwick, 208 AD3d 799, reversed.

{**42 NY3d at 94} OPINION OF THE COURT

Rivera, J.

Under the well-established Batson framework, "[o]nce a prima facie showing of discrimination is made, the nonmovant must come forward with a race-neutral explanation," and if the nonmovant fails to "meet this burden, an equal protection violation is established" (People v Smocum, 99 NY2d 418, 422 [2003], citing Batson v Kentucky, 476 US 79 [1986]). "[T]he job of enforcing Batson rests first and foremost with trial judges" who are supposed to "operate at the front lines of American justice" (Flowers v Mississippi, 588 US 284, 302 [2019]). A single violation of Batson "mandates automatic reversal" (People v Hecker, 15 NY3d 625, 661 [2010]).
* * *
Defendant was convicted after a jury trial of first-degree and second-degree robbery and sentenced to an aggregate of 12{**42 NY3d at 95} years' imprisonment, followed by five years of postrelease supervision. The Appellate Division affirmed (208 AD3d 799 [2d Dept 2022]). A Judge of this Court granted leave to appeal (39 NY3d 1078 [2023]). Defendant claims, as he did below, that the prosecution failed to provide any explanation, much less a race-neutral [*2]explanation, for its peremptory strike of prospective juror K.S. and that he is therefore entitled to a new trial. We agree.
Here, it is undisputed that defendant established a prima facie case of discrimination with respect to the prosecution's exercise of a peremptory challenge against K.S., an African-American female, and that the burden then shifted to the prosecution to provide a race-neutral basis for its peremptory strike. The People failed to do so entirely (see People v Bridgeforth, 28 NY3d 567, 576 [2016]). Rather, the court stepped in to provide an explanation, speculating that the prosecution had gotten a "bad vibe" from K.S. regarding whether her prior jury service resulted in an acquittal. The prosecution remained silent. The court nevertheless ruled that the prosecution had "given a legitimate race[-]neutral reason" for the strike.
This serious departure from the Batson framework was an error of the highest order. When the court supplied a race-neutral reason for the peremptory strike, it failed to hold the prosecution to its burden and instead, effectively became an advocate for the prosecution, thus abandoning its Batson-specific duty to "consider the prosecutor's race-neutral explanations in light of all of the relevant facts and circumstances, and in light of the arguments of the parties" (Flowers, 588 US at 302 [emphasis added]). It is the nonmovant's expressed explanation for its peremptory challenge—and whether such explanation is mere pretext for a race-based motive—not simply whether a race-neutral reason could theoretically exist—which is the focus of the Batson framework at steps two and three (see Batson, 476 US at 97-98; Flowers, 588 US at 298, 302; Smocum, 99 NY2d at 422). The court's speculation as to the prosecution's basis for the strike was irrelevant and deprived defendant of any meaningful way to demonstrate pretext in the face of the prosecution's silence.
Based on our decision, we have no occasion to address defendant's other arguments (Hecker, 15 NY3d at 661). Accordingly, the Appellate Division order should be reversed and a new trial ordered.{**42 NY3d at 96}
Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Pritzker[FN*] concur. Judge Halligan took no part.
Order reversed and a new trial ordered.

Footnotes

Footnote *:Designated pursuant to NY Constitution, article VI, § 2.