People v Morales (2026 NY Slip Op 00534)

People v Morales

2026 NY Slip Op 00534

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-00603

[*1]The People of the State of New York, respondent,
vIsaiah Morales, appellant. (S.C.I. No. 74082/23)

Twyla Carter, New York, NY (Clara Hammond-Oakley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Greshawna T. Clement on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered December 19, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing and voluntary because the Supreme Court failed to inquire into a possible justification defense is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the court (see People v Pastor, 28 NY3d 1089, 1090; People v Lopez, 71 NY2d 662, 665), and the narrow exception to the preservation requirement is inapplicable to this case (see People v Pastor, 28 NY3d at 1090-1091; People v Lopez, 71 NY2d at 667-668). In any event, the record establishes that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Goldstein, 12 NY3d 295, 301; People v Rico-Valencia, 217 AD3d 781, 781).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court