People v Duplessis

2026 NY Slip Op 02170

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Gregory Duplessis, Appellant.

Decided and Entered:April 9, 2026

CR-23-2024

Calendar Date: February 18, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers And Mackey, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]

Fisher, J.

Appeal from a judgment of the County Court of Schenectady County (Traci DiMezza, J.), rendered May 23, 2023, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

In March 2020, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. During jury selection, defendant raised a Batson challenge to the People's use of peremptory strikes on two prospective jurors based on race. County Court disagreed with the prosecutor's explanation for striking one of the jurors, but then denied defendant's challenge — warning the People to "be mindful" of Batson. A jury ultimately convicted defendant as charged, and he was sentenced to concurrent prison terms of three years on each conviction, to be followed by three years of postrelease supervision. Defendant appeals.

We agree with defendant that County Court improperly compressed the Batson inquiry and deviated from the accepted protocol by failing to reach the final step. The now-familiar three-step test from "Batson provides the framework under which courts analyze challenges to peremptory strikes of potential jurors based on alleged discrimination" (People v Bridgeforth, 28 NY3d 567, 571 [2016])."The job of enforcing Batson rests first and foremost with trial judges who are supposed to operate at the front lines of American justice" (People v Estwick, 42 NY3d 92, 94 [2024] [internal quotation marks, brackets and citation omitted]). "At step one, the moving party must make a prima facie showing that the opposing party has exercised a peremptory strike to remove a potential juror on the basis of race. At step two, the burden shifts to the nonmoving party to come forward with a nondiscriminatory reason for each of the challenged strikes. Finally, at step three, once race-neutral reasons for the strike are provided, the inference of discrimination is overcome and the ultimate burden shifts back to the moving party to persuade the court that the reasons are merely a pretext for intentional discrimination" (People v Wright, 42 NY3d 708, 714-715 [2024] [internal quotation marks, brackets and citations omitted]). Although there is no ritualistic language which a court must use in ruling on a Batson challenge, "[t]he third step of the Batson inquiry requires the trial court to make an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented" (People v Smocum, 99 NY2d 418, 422 [2003]). As a trial court is best situated to evaluate the credibility of the jurors and the prosecutor who exercised the peremptory strikes, "[o]nly where a trial court's decision as to pretext finds no support in the record may that decision be overturned on the cold record of appeal" (People [*2]v Wright, 42 NY3d at 715; see People v Hecker, 15 NY3d 625, 656-657 [2010], cert denied sub nom. Black v New York, 563 US 947 [2011]).

During jury selection, the prosecutor exercised a peremptory challenge to prospective juror No. 95 and then prospective juror No. 53 — the only two individuals in the venire who appeared to be Black, like defendant. Defense counsel raised an objection to "the second [B]lack juror" being peremptorily struck during voir dire, requesting an explanation from the prosecutor. While County Court was attempting to identify the jurors, the prosecutor voluntarily stated that juror No. 95 "struggled to communicate" and defense counsel expressed disagreement. Without commenting on the sufficiency of step one, County Court asked the prosecutor to explain what juror No. 95 had trouble communicating and the prosecutor stated that "[h]e had broken English." County Court then inquired as to juror No. 53 and the prosecutor stated it was because she was wearing a mask, but qualified his objection as not "very strong" toward her serving. County Court then acknowledged the hesitation with having a juror who may have issues communicating, but stated "I didn't notice that juror No. 95 had some difficulty communicating." In response to two further questions from County Court, the prosecutor stated that he did not ask juror No. 95 any questions and that the basis for his peremptory strike was on the juror's reading of the questions and answers provided by the court. Without commenting on the sufficiency of step two, County Court overruled defendant's objection, stating "I believe you're looking at a Batson's challenge . . . [a]nd I'm not necessarily finding grounds for that. But be mindful, obviously this is your warning." County Court immediately turned to juror No. 53, and the prosecutor stated he did not recall the racial composition of the remaining prospective jurors but decided to withdraw his peremptory challenge to juror No. 53 — who ultimately served on the jury.

It is uncontested that defendant triggered a Batson challenge when he objected to the People's peremptory challenge of the only two jurors who were perceived by defendant to be of the same racial group — satisfying step one (see People v Cruz, 228 AD3d 1019, 1022 [3d Dept 2024]). Although the prosecutor offered a race-neutral reason for each juror at step two, County Court merged the step two and three requirements by immediately denying the objection without first allowing defense counsel to make an argument that the reasons were pretextual, thereby "squeez[ing] the process into a functional bypass of the key, final protocol [the Court of Appeals has] put in place" (People v Payne, 88 NY2d 172, 186 [1996]). Such "practice falls short of a meaningful inquiry into the question of discrimination" (People v Smocum, 99 NY2d at 423 [internal quotation marks and citation omitted]), particularly because the court's consideration of pretext cannot be discerned from the record [*3](compare People v Morgan, 230 AD3d 864, 872 [3d Dept 2024], affd ___ NY3d ___, 2025 NY Slip Op 05740 [Oct. 16, 2025]; People v Murray, 155 AD3d 1106, 1110 [3d Dept 2017], lv denied 31 NY3d 1015 [2018]).

While we are mindful of defense counsel's failure to preserve this issue, given the magnitude of the error, we take corrective action in the interest of justice because the process here was woefully inadequate to satisfy the safeguards enshrined by Batson to every defendant (see CPL 470.15 [6] [a]; People v Luke, 236 AD3d 55, 60 [1st Dept 2025]). Therefore, since the issue of pretext is a question of fact for the trial court to assess the prosecutor's credibility against the challenged juror's demeanor and language capabilities, which is an inquiry appellate courts are unable to address at step three, "we withhold decision and remit this case to [County] Court to enable the trial judge who presided over this matter to determine whether the race-neutral reason proffered by the People was pretextual" (People v Cruz, 228 AD3d at 1024-1025 [internal quotation marks, brackets and citation omitted]; see People v Luke, 236 AD3d at 65-66; see generally People v Aguirre, 275 AD2d 418, 418 [2d Dept 2000], lv denied 95 NY2d 960 [2000]; People v Colon, 228 AD2d 609, 609-610 [2d Dept 1996], lv denied 88 NY2d 982 [1996]).

Reynolds Fitzgerald, J.P., Ceresia, Powers and Mackey, JJ., concur.

ORDERED that the decision is withheld and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.